Paul C. Llewellyn
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
(212) 836-8000

Jennifer L. Co
KAYE SCHOLER LLP
3000 El Camino Real
2 Palo Alto Square, 4th Floor
Palo Alto, California 94306
(650) 319-4500

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 12/21/2011

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____X

RICHEMONT INTERNATIONAL S.A.;
RICHEMONT NORTH AMERICA, INC.;
CARTIER INTERNATIONAL A.G.;
CHLOÉ S.A.S.; OFFICINE PANERAI A.G.;
MONTBLANC-SIMPLO G.M.B.H.;
MONTBLANC NORTH AMERICA, LLC; and
CARTIER, IWC, VACHERON CONSTANTIN,
BAUME & MERCIER, CHLOÉ, PANERAI,
PIAGET, and JAEGER-LECOULTRE, EACH A
DIVISION OF RICHEMONT NORTH
AMERICA, INC.,

        Plaintiffs,

v.

MONTESOL OU, BANTAM INTER LP,
UAB WESTCARGO, ALL D/B/A THE INTERNET
DOMAIN NAMES IDENTIFIED IN APPENDIX A;
THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED BY THE
FOREGOING DOMAIN NAMES; JOHN DOES;
AND ABC COMPANIES,

        Defendants.
_____X

Civil Action No. 11 CV 9322 (JGK)

[PROPOSED] TEMPORARY
RESTRAINING ORDER, ASSET
RESTRAINING ORDER,
ORDER AUTHORIZING
EXPEDITED DISCOVERY
AND ALTERNATIVE SERVICE,
AND ORDER TO SHOW CAUSE

Plaintiffs Richemont International S.A., Richemont North America, Inc., Cartier International A.G., Chloé S.A.S., Officine Panerai A.G., Montblanc-Simplo G.m.b.H.,

1

Montblanc North America, LLC, and Cartier, IWC, Vacheron Constantin, Baume & Mercier, Chloé, Panerai, Piaget, and Jaeger-LeCoultre, each a division of Richemont North America, Inc. (collectively, "Plaintiffs"), having moved *ex parte* against Defendants Montesol OU, Bantam Inter LP, and UAB Westcargo, all doing business as the domain names set forth in Appendix A attached hereto, the partnerships and unincorporated associations identified by the foregoing domain names, ABC Companies, and John Does (collectively, "Defendants"), for a temporary restraining order, asset restraining order, order authorizing expedited discovery and alternative service of process, and order to show cause for preliminary injunction pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act (15 U.S.C. § 1051, *et seq.*), for the reason that Defendants are manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale, and/or selling goods bearing counterfeit reproductions of Plaintiffs' federally registered trademarks, trade names, and/or logos: CARTIER, PIAGET, JAEGER-LECOULTRE, CHLOÉ, MONTBLANC, PANERAI, BAUME & MERCIER, IWC, and VACHERON CONSTANTIN (collectively, the "Plaintiffs' Marks"), which are owned and controlled by Plaintiffs, and the Court, having reviewed the Complaint, Memorandum of Law, supporting Declarations and exhibits submitted therewith, finds:

1. Plaintiffs are likely to succeed in showing that Defendants have used and are continuing to use counterfeits or infringements of the Plaintiffs' Marks in connection with the manufacture, exportation, importation, distribution, marketing, advertising, offer for sale, and/or sale of products, including, but not limited to, jewelry, watches, and leather goods (collectively, the "Counterfeit Products");

2. The manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale, and/or selling of the Counterfeit Products will result in immediate and irreparable injury to Plaintiffs if the relief requested is not ordered;

3. Defendants, or other persons acting in concert with Defendants, would likely destroy, move, hide, or otherwise make assets, Counterfeit Products, and business records relating thereto inaccessible to the Court if Plaintiffs proceeded on notice to Defendants, thus frustrating the ultimate relief that Plaintiffs seek in this action;

4. The harm to Plaintiffs from denial of the requested *ex parte* order outweighs the harm to Defendants' legitimate interests against granting such an order;

5. Entry of an order other than an *ex parte* seizure order would not adequately achieve the purposes of the Lanham Act to preserve Plaintiffs' remedies for trademark counterfeiting, including, *inter alia*, cessation of all sales of the Counterfeit Products, the acquisition of the business records relating to the Counterfeit Products, and an award to Plaintiffs of an equitable accounting, lost profits, or damages.

Accordingly, this Court finds that entry of an *ex parte* seizure order is necessary and appropriate.

THEREFORE, IT IS HEREBY ORDERED that Defendants Montesol OU, Bantam Inter LP, and UAB Westcargo, all doing business as the domain names set forth in Appendix A attached hereto, the partnerships and unincorporated associations identified by the foregoing domain names, and any ABC Company or John Doe defendants who receive notice of this Order, appear to show cause on the 3d day of January 2012 at 10:00 AM a.m./p.m. or as soon thereafter as counsel can be heard, in Courtroom 24B of the United States District Court for the Southern District of New York at 500 Pearl Street/40 Centre Street,

3

*Before the Hon. Deborah Batts, Part I Judge,*

New York, New York why an Order pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure and Section 34 of the Lanham Act should not be entered granting Plaintiffs a preliminary injunction in the form attached hereto as follows:

1. Restraining and enjoining Defendants, their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them from:

   a. manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling, or otherwise offering for sale Counterfeit Products or any other products produced by Plaintiffs or confusingly similar to the Plaintiffs' products, or that otherwise bear, contain, display, or utilize any of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

   b. moving, returning, or otherwise disposing of, in any manner, any Counterfeit Products or any other products confusingly similar to Plaintiffs' products, or that otherwise bear, contain, display, or utilize any of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

   c. making or employing any other commercial use of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

d.  using the Plaintiffs' Marks, or any confusingly similar trademarks, within domain names, domain name extensions, metatags, or other markers within website source code; on any webpage (including as the title of any webpage), any advertising links to other websites, on any search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by or to, or owned or operated by Defendants, including the Internet websites operating under the Subject Domain Names;

e.  using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendants' products or activities are in any way sponsored, licensed, or authorized by, or affiliated or connected with, Plaintiffs;

f.  doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers, consumers, or investors into the belief that the products or services promoted, offered, or sponsored by Defendants come from Plaintiffs or their licensees, or are somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with Plaintiffs;

g.  further diluting and infringing the Plaintiffs' Marks and damaging Plaintiffs' goodwill;

5

h.  using or transferring ownership of the domain names set forth in Appendix A attached hereto, or registering, using, or transferring any other domain name or website making unauthorized use of any of the Plaintiffs' Marks;

i.  ~~otherwise competing unfairly with Plaintiffs in any manner;~~

j.  transferring, disposing of, or secreting any money, stocks, bonds, real or personal property, or other assets of Defendants or otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to any of the Defendants, or into or out of any accounts associated with or utilized by any of the Defendants, as set forth further herein;

k.  secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, or displaying of any and all unauthorized products which infringe the Plaintiffs' Marks; and

l.  assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities to which the above subparagraphs (a) through (k) referred, or effecting any assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (k).

IT APPEARING to the Court that Defendants are manufacturing, exporting, importing, distributing, marketing, advertising, offering for sale, and/or selling the Counterfeit Products, and will continue to carry out such acts unless restrained by Order of the Court;

IT IS FURTHER ORDERED that, pending the hearing on Plaintiffs' application for a preliminary injunction, Defendants Montesol OU, Bantam Inter LP, and UAB Westcargo, all doing business as the domain names set forth in Appendix A attached hereto, the partnerships and unincorporated associations identified by the foregoing domain names, and any ABC Company or John Doe defendants who receive notice of this Order, and their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, or having knowledge of this Order by personal service or otherwise be, and they are, hereby temporarily restraining from committing any of the acts set forth in subparagraph (1)(a)-(k) above.

IT IS FURTHER ORDERED that the Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further dates as set by the Court.

IT IS FURTHER ORDERED that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants and their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, and any banks, savings and loan associations, credit card companies, credit card processing agencies, merchant acquiring banks, financial institutions, or other companies or agencies that engage in the processing or transfer of money and/or real or personal property, who receive actual notice of this order by personal service or otherwise, are,

without prior approval of the Court, temporarily restrained and enjoined from transferring, disposing of, or secreting any money, stocks, bonds, real or personal property, or other assets of Defendants, or otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to any of the Defendants, or into or out of any accounts associated with or utilized by any of the Defendants, regardless of whether such accounts are located in the United States or abroad. This includes but is not limited to: (1) any and all PayPal, Western Union, and other financial institution accounts associated with or utilized by any of the Defendants; and (2) any and all accounts with any and all financial institutions responsible for processing credit card, debit card, or other purchases that are associated with or made in connection with the domain names set forth in Appendix A attached hereto (the "Subject Domain Names") and/or any of the Defendants.

IT IS FURTHER ORDERED that upon two (2) days written notice to the Court and Plaintiffs' counsel and within seven (7) days of service of this Order, any Defendant or restrained third party may appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of Defendants' assets upon an appropriate evidentiary showing by Defendant.

IT IS FURTHER ORDERED that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), Defendants and their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, and any websites, online search engines, online shopping price comparison services, or any other business or publication that advertises Defendants' websites associated with the Subject Domain Names (the "Defendants' Websites"), who receive actual notice of this Order by personal service or otherwise, are, without prior approval of the Court, temporarily

restrained and enjoined from advertising, promoting, or marketing Defendants' Counterfeit Products or Defendants' Websites.

IT IS FURTHER ORDERED that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), Defendants and their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, and any website hosts, domain name owners, internet service providers ("ISPs"), or any other business supporting, hosting, or providing e-commerce services to Defendants' Websites who receive actual notice of this Order by personal service or otherwise, are, without prior approval of the Court, temporarily restrained and enjoined from supporting or hosting Defendants' Websites.

IT IS FURTHER ORDERED that Plaintiffs' motion for expedited discovery is granted, that Plaintiffs shall serve with this Order requests for disclosures pursuant to Rules 26, 33, 34, and/or 45 of the Federal Rules of Civil Procedure, and that subpoenaed parties shall produce information and documents responsive to such requests on or before the 28 day of December, 2011.

IT IS FURTHER ORDERED that any banks, savings and loan associations, credit card companies, credit card processing agencies, merchant acquiring banks, financial institutions, or other companies or agencies that engage in the transfer of real or personal property, who receive actual notice of this Order by personal service or otherwise, shall provide to Plaintiffs all records in their possession, custody, or control, regardless of whether such records are located in the United States or abroad, concerning the assets and financial transactions of Defendants or any other entities acting in concert or participation with Defendants, including, but not limited to, records concerning the following: (1) any and all PayPal, Western Union, and other financial

9

institution accounts that are associated with or utilized by any of the Defendants; (2) any and all MasterCard, Visa, AmericanExpress, and/or Discover credit or debit card payment accounts that are associated with or utilized by Defendants' Websites and/or any of the Defendants; (3) any and all accounts with any and all financial institutions responsible for processing credit card, debit card, or other purchases that are associated with or made in connection with Defendants' Websites and/or any of the Defendants; (4) the identity of any and all credit card processing agencies, merchant acquiring banks, or other financial institutions responsible for processing credit card and debit card transactions for Defendants' Websites and/or any of the Defendants; and (5) records concerning the ownership of Defendants' Websites or the assets, credit cards, or financial transactions of Defendants or any other entities acting in concert or participation with Defendants, and that such records be produced within ten (10) business days of receiving actual notice of this Order unless such banks, savings and loan associations, credit card companies, credit card processing agencies, merchant acquiring banks, financial institutions, or other companies or agencies that engage in the transfer of real or personal property apply to this Court for relief from the terms of this paragraph within seven (7) days of service of this Order.

IT IS FURTHER ORDERED that online search engines, online shopping price comparison services, analytics services, or any other businesses or publications that advertise for Defendants' Websites, sell advertisements to Defendants, or provide analytics services to Defendants, who receive actual notice of this order by personal service or otherwise, shall provide to Plaintiffs all records in their possession, custody, or control related to the Defendants and/or Defendants' Websites, including, but not limited to, any and all communications, applications, reviewer analysis, sponsored link advertisements purchased by Defendants and/or Defendants' Websites and that such records and information be produced within ten (10)

business days of receiving actual notice of this Order unless such websites, online search engines, online shopping price comparison services, or any other e-commerce service providers, businesses, or publications that advertise for Defendants' Websites, or sell advertisements to Defendants, or provide analytics services to Defendants, apply to this Court for relief from the terms of this paragraph within seven (7) days of service of this Order.

IT IS FURTHER ORDERED that any website hosts, domain name owners, ISPs, back-end service providers, web designers, sponsored search engine or ad-word providers, or any other business supporting, hosting, or providing e-commerce services to Defendants' Websites who receive actual notice of this Order by personal service or otherwise, shall provide to Plaintiffs all records in their possession, custody, or control related to the sale of counterfeit goods bearing Plaintiffs' Marks, including, but not limited to: (1) records concerning the ownership of Defendants' Websites, the Subject Domain Names, or the financial accounts, assets, credit cards, or financial transactions owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any other entities acting in concert or participation with Defendants; (2) all records and documents related to the design, support, and services rendered to Defendants' Websites or the Subject Domain Names; (3) any information such website host, domain name owner, ISP, back-end service provider, web designer, sponsored search engine or ad-word provider, or any other business supporting, hosting, or providing e-commerce services to Defendants' Websites or the Subject Domain Names has regarding whether Defendants' Websites are selling legitimate or counterfeit goods; (4) any contract for services between Defendants' Websites and such website hosts, domain name owners, ISPs, back-end service provider, web designer, sponsored search engine or ad-word provider, or any other businesses supporting, hosting, or providing e-commerce services to Defendants' Websites;

and (5) any and all records concerning any and all association between Defendants and Defendants' Websites or the Subject Domain Names; and that such records and information be produced within ten (10) business days of receiving actual notice of this Order unless such website hosts, domain name owners, ISP, or other business apply to this Court for relief from the terms of this paragraph within seven (7) days.

IT IS FURTHER ORDERED that, in accordance with 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, the domain name registries and/or the individual registrars holding or listing one or more of the Subject Domain Names, delete all existing Domain Name Server (DNS) entries for such domain names; enter the registrar's default DNS and address entries to prevent further damage caused by Defendants' use of such domain names; disable and/or continue to disable such domain names and Defendants' Websites; make such domain names untransferable pending further order from this Court; and transfer to Plaintiffs' counsel, for deposit with this Court, domain name certificates for the Subject Domain Names.

IT IS FURTHER ORDERED that, in accordance with 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, any third party providing services in connection with any Defendant and/or Defendants' Websites or the Subject Domain Names, including, without limitation, ISPs, back-end service providers, affiliate program providers, web designers, and sponsored search engine or ad-word providers, shall immediately temporarily disable service to such domain names and to any and all Defendants' Websites.

IT IS FURTHER ORDERED that Plaintiffs may enter the Subject Domain Names into Google's Webmaster Tools and cancel any redirection of the domain names that have been or

may be entered there which redirect traffic to the counterfeit operations to a new domain name and thereby evade the provisions of this Order.

IT IS FURTHER ORDERED that Defendants shall preserve copies of all their computer files relating to the use of any of the Subject Domain Names and shall take all steps necessary to retrieve computer files relating to the use of the Subject Domain Names and that may have been deleted before the entry of this Order.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall remain in effect until the date for the hearing on the Motion for Preliminary Injunction set forth below, or until such further dates as set by the Court or stipulated to by the parties.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall apply to the Subject Domain Names and any other domain names properly brought to the Court's attention and verified by sworn affidavit to be used by Defendants for the purpose of counterfeiting the Plaintiffs' Marks at issue in this action and/or unfairly competing with Plaintiffs.

IT IS FURTHER ORDERED that Plaintiffs shall post a corporate surety bond, cash, or a certified or attorney's check in the amount of ten thousand dollars ($10,000) as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

IT IS FURTHER ORDERED that sufficient cause having been shown, service of this Order together with the Summons and Complaint, shall be made on Defendants and deemed effective as to all named Defendants if it is completed by delivery of Adobe PDF copies of this Order together with the Summons and Complaint to the following e-mail addresses:

(a)   toton1979@gmail.com;

(b)   dshrupkin@gmail.com;

(c)  support@replica-handbags.co;

(d)  support@watch-replica.net;

(e)  info@best-watch.net;

(f)  support@best-watch.net;

(g)  Ketorref3@googlemail.com;

(h)  marcos3476@yahoo.com;

(i)  support@cool-watches.com;

(j)  inforeplica@gmail.com;

(k)  vilismonis@gmail.com;

(l)  support@luxmarket24.com;

(m)  support@topbrandclub.com;

(n)  support@afmstore.com;

(o)  symbolgifts@yahoo.com;

(p)  contact@shoesinbags.com;

(q)  carwad@gmail.com;

(r)  support@famousbrandsale.com;

(s)  support@buybags.org;

(t)  support@bag-o.com;

(u)  Pauldigg@gmail.com;

(v)  support@replica-handbags.co;

(w)  support@replicator.co;

(x)  support@euro-watch.co;

(y)  infoeuroreplica@gmail.com;

14

(z)   wpbera@gmail.com;

(aa)  support@replica-bag.co;

(bb)  info@watch-clone.com;

(cc)  infowatchclone@gmail.com;

(dd)  inforeplica@gmail.com;

(ee)  melvined@gmail.com;

(ff)  support@moodernshop.com;

(gg)  support@afmstore.com;

(hh)  cmp.regd@gmail.com;

(ii)  d.s.ssc@gmail.com;

(jj)  info@CenterMall.Biz; and

(kk)  support@cheapjordans23.com.

IT IS FURTHER ORDERED that such service shall be made within ~~ten (10)~~ three (3) days from the date of this Order, except as to John Doe or ABC Company defendants who may be later identified, or at such time as may be extended by this Court.

IT IS FURTHER ORDERED that a copy of this Order together with the Summons and Complaint shall be sent via Federal Express to Defendants at the following addresses:

(a)  Montesol OU, 13-75 Salnas Str., Riga, Latvian Republic LV-1021;

(b)  PT Montesol OU, 13 A Narva maantes Str., Talinn, Estonia 10151;

(c)  UAB Westcargo, 12a-10 Ganibu dambis Str., Riga, Latvian Republic;

(d)  Bantam Inter LP, 17-2 Eliyas Str., Riga, Latvian Republic LV-1050; and

(e)  replica-handbags.co, Polydex Sales, Suite 1, The Studio, St. Nicholas Close, Estree Hertfordshire WD6 3EW, England, Great Britain.

15

IT IS FURTHER ORDERED that Defendants' answering papers, if any, shall be filed with the Clerk of this court and served upon the attorneys for Plaintiffs by delivering copies thereof to the offices of Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022, Attention: Paul C. Llewellyn, Esq., by no later than the 29 day of December, 2011 with any reply by Plaintiffs to be filed and served by the 30 day of December, 2011. *Courtesy Copies of all papers including the moving shall shall be provided to Judge Batts and to Judge Koeltl* JGK

IT IS FURTHER ORDERED that Defendants are hereby given notice that failure to attend the hearing scheduled herein may result in confirmation of the relief provided herein, immediate issuance of the requested preliminary injunction to take effect immediately upon expiration or dissolution of the temporary restraining order, and may otherwise extend for the pendency of this litigation upon the same terms and conditions as comprise this temporary restraining order.

Defendants are hereby given further notice that they may be deemed to have actual notice of the issuance and terms of this Order and any act by them or any one of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

IT IS SO ORDERED

DATED this 20 day of December, 2011
Hour: 3 43 a.m./p.m.

UNITED STATES DISTRICT COURT

By: _____
UNITED STATES DISTRICT JUDGE

16