Paul C. Llewellyn
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
(212) 836-8000

Jennifer L. Co
KAYE SCHOLER LLP
3000 El Camino Real
2 Palo Alto Square, 4th Floor
Palo Alto, California 94306
(650) 319-4500

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

————————————————————————X

RICHEMONT INTERNATIONAL S.A.;       :
RICHEMONT NORTH AMERICA, INC.;      :
CARTIER INTERNATIONAL A.G.;         :
CHLOÉ S.A.S.; OFFICINE PANERAI A.G.;  :
MONTBLANC-SIMPLO G.M.B.H.;          :
MONTBLANC NORTH AMERICA, LLC; and   :       Civil Action No. 11-cv-9322 (JGK)
CARTIER, IWC, VACHERON CONSTANTIN,  :
BAUME & MERCIER, CHLOÉ, PANERAI,    :
PIAGET, and JAEGER-LECOULTRE, EACH A  :       [~~PROPOSED~~] **PRELIMINARY**
DIVISION OF RICHEMONT NORTH         :       **INJUNCTION**
AMERICA, INC.,                      :
                                    :
                Plaintiffs,         :
        v.                          :
                                    :
MONTESOL OU, BANTAM INTER LP,       :
UAB WESTCARGO, ALL D/B/A THE INTERNET :
DOMAIN NAMES IDENTIFIED IN APPENDIX A; :
THE PARTNERSHIPS AND UNINCORPORATED :
ASSOCIATIONS IDENTIFIED BY THE      :
FOREGOING DOMAIN NAMES; JOHN DOES;  :
AND ABC COMPANIES,                  :
                                    :
                Defendants.         :

————————————————————————X

        WHEREAS, Plaintiffs Richemont International S.A., Richemont North America, Inc.,

Cartier International A.G., Chloé S.A.S., Officine Panerai A.G., Montblanc-Simplo G.m.b.H.,

1

Montblanc North America, LLC, and Cartier, IWC, Vacheron Constantin, Baume & Mercier, Chloé, Panerai, Piaget, and Jaeger-LeCoultre, each a division of Richemont North America, Inc. (collectively, "Plaintiffs") moved *ex parte* against Defendants Montesol OU, Bantam Inter LP, and UAB Westcargo, all doing business as the domain names set forth in Appendix A attached hereto (the "Subject Domain Names"), the partnerships and unincorporated associations identified by the foregoing domain names, ABC Companies, and John Does (collectively, "Defendants"), for a temporary restraining order, asset restraining order, order authorizing expedited discovery and alternative service of process, and order to show cause for preliminary injunction pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act (15 U.S.C. § 1051, *et seq.*), for the reason that Defendants are manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale, and/or selling goods bearing counterfeit reproductions of Plaintiffs' federally registered trademarks, trade names, and/or logos: CARTIER, PIAGET, JAEGER-LECOULTRE, CHLOÉ, MONTBLANC, PANERAI, BAUME & MERCIER, IWC, and VACHERON CONSTANTIN (collectively, the "Plaintiffs' Marks"), which are owned and controlled by Plaintiffs;

WHEREAS, the Court entered an Order on December 20, 2011 (the "Temporary Restraining Order"), restraining Defendants from, *inter alia*, manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling, or otherwise offering for sale any products that bear, contain, display, or utilize any of the Plaintiff's Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks (the "Counterfeit Products"); restraining Defendants from using any domain name making unauthorized use of any of the

Plaintiffs' Marks; and ordered that Defendants appear before this Court on January 3, 2012 to show cause why an order granting Plaintiffs a preliminary injunction should not be granted;

WHEREAS, Defendants were served with the Temporary Restraining Order, Summons, and Complaint on December 22, 2011 and December 23, 2011 via e-mail and Federal Express pursuant to the provisions of the Temporary Restraining Order;

WHEREAS, Plaintiffs filed a Declaration of Service pursuant to the provisions of the Temporary Restraining Order on December 28, 2011;

WHEREAS, Defendants did not contest or oppose the preliminary injunction, failed to submit any papers, and failed to appear before the Court on January 3, 2012;

The Court finds the following:

1.      Plaintiffs are likely to succeed in showing that Defendants have used and are continuing to use counterfeits or infringements of the Plaintiffs' Marks in connection with the manufacture, exportation, importation, distribution, marketing, advertising, offer for sale, and/or sale of the Counterfeit Products, including, but not limited to, jewelry, watches, and leather goods;

2.      The manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale, and/or selling of the Counterfeit Products will result in immediate and irreparable injury to Plaintiffs if the relief requested is not ordered;

3.      The harm to Plaintiffs from denial of the preliminary injunction outweighs the harm to Defendants' legitimate interests against granting such an order; and

4.      Entry of an order other than a preliminary injunction would not adequately achieve the purposes of the Lanham Act to preserve Plaintiffs' remedies for trademark counterfeiting, including, *inter alia*, cessation of all sales of the Counterfeit Products, the

3

acquisition of the business records relating to the Counterfeit Products, and an award to Plaintiffs of lost profits or damages.

Accordingly, this Court finds that entry of a preliminary injunction is necessary and appropriate.

THEREFORE, IT IS HEREBY ORDERED that Defendants Montesol OU, Bantam Inter LP, and UAB Westcargo, all doing business as the domain names set forth in Appendix A attached hereto, the partnerships and unincorporated associations identified by the foregoing domain names, and any ABC Company or John Doe defendants who receive notice of this Order, their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them are restrained and enjoined from:

1.      manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling, or otherwise offering for sale Counterfeit Products or any other products produced by Plaintiffs or confusingly similar to Plaintiffs' products, or that otherwise bear, contain, display, or utilize any of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

2.      moving, returning, or otherwise disposing of, in any manner, any Counterfeit Products or any other products confusingly similar to Plaintiffs' products, or that otherwise bear, contain, display, or utilize any of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

4

3.      making or employing any other commercial use of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

4.      using the Plaintiffs' Marks, or any confusingly similar trademarks, within domain names, domain name extensions, metatags, or other markers within website source code; on any webpage (including as the title of any webpage), any advertising links to other websites, on any search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by or to, or owned or operated by Defendants, including the Internet websites operating under the Subject Domain Names;

5.      using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendants' products or activities are in any way sponsored, licensed, or authorized by, or affiliated or connected with, Plaintiffs;

6.      doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers, consumers, or investors into the belief that the products or services promoted, offered, or sponsored by Defendants come from Plaintiffs or their licensees, or are somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with Plaintiffs;

7.      further diluting and infringing the Plaintiffs' Marks and damaging Plaintiffs' goodwill;

8.       using or transferring ownership of the domain names set forth in Appendix A attached hereto, or registering, using, or transferring any other domain name or website making unauthorized use of any of the Plaintiffs' Marks;

9.       otherwise competing unfairly with Plaintiffs in any manner;

10.      transferring, disposing of, or secreting any money, stocks, bonds, real or personal property, or other assets of Defendants or otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to any of the Defendants, or into or out of any accounts associated with or utilized by any of the Defendants, as set forth further herein;

11.      secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, or displaying of any and all unauthorized products which infringe the Plaintiffs' Marks; and

12.      assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities to which the above subparagraphs (1) through (11) referred, or effecting any assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (1) through (11).

IT APPEARING to the Court that Defendants are manufacturing, exporting, importing, distributing, marketing, advertising, offering for sale, and/or selling the Counterfeit Products, and will continue to carry out such acts unless restrained by Order of the Court.

IT IS FURTHER ORDERED that, in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), and this Court's inherent equitable power to issue

provisional remedies ancillary to its authority to provide final equitable relief, Defendants and

their officers, directors, agents, representatives, successors or assigns, and all persons acting in

concert or in participation with any of them, and any banks, savings and loan associations, credit

card companies, credit card processing agencies, merchant acquiring banks, financial institutions,

or other companies or agencies that engage in the processing or transfer of money and/or real or

personal property, who receive actual notice of this order by personal service or otherwise, are,

without prior approval of the Court, restrained and enjoined from transferring, disposing of, or

secreting any money, stocks, bonds, real or personal property, or other assets of Defendants, or

otherwise paying or transferring any money, stocks, bonds, real or personal property, or other

assets to any of the Defendants, or into or out of any accounts associated with or utilized by any

of the Defendants, regardless of whether such accounts are located in the United States or

abroad.  This includes but is not limited to: (1) any and all PayPal, Western Union, and other

financial institution accounts utilized by any of the Defendants; and (2) any and all accounts with

any and all financial institutions responsible for processing credit card, debit card, or other

purchases that are associated with or made in connection with the Subject Domain Names and/or

any of the Defendants.

      IT IS FURTHER ORDERED that upon two (2) days written notice to the Court and

Plaintiffs' counsel and within seven (7) days of service of this Order, any Defendant or restrained

third party may appear and move for the dissolution or modification of the provisions of this

Order concerning the restriction upon transfer of Defendants' assets upon an appropriate

evidentiary showing by Defendant.

      IT IS FURTHER ORDERED that in accordance with Rule 64 of the Federal Rules of

Civil Procedure, 15 U.S.C. § 1116(a), Defendants and their officers, directors, agents,

representatives, successors or assigns, and all persons acting in concert or in participation with any of them, and any websites, online search engines, online shopping price comparison services, or any other business or publication that advertises Defendants' websites associated with the Subject Domain Names (the "Defendants' Websites"), who receive actual notice of this Order by personal service or otherwise, are, without prior approval of the Court, restrained and enjoined from advertising, promoting, or marketing Defendants' Counterfeit Products or Defendants' Websites.

IT IS FURTHER ORDERED that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), Defendants and their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, and any website hosts, domain name owners, internet service providers, or any other business supporting, hosting, or providing e-commerce services to Defendants' Websites who receive actual notice of this Order by personal service or otherwise, are, without prior approval of the Court, restrained and enjoined from supporting or hosting Defendants' Websites.

IT IS FURTHER ORDERED that, in accordance with 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, the domain name registries and/or the individual registrars holding or listing one or more of the Subject Domain Names, delete all existing Domain Name Server (DNS) entries for such domain names; enter the registrar's default DNS and address entries to prevent further damage caused by Defendants' use of such domain names; disable and/or continue to disable such domain names and Defendants' Websites; make such domain names untransferable pending further order from this Court; and transfer to Plaintiffs' counsel, for deposit with this Court, domain name certificates for the Subject Domain Names.

IT IS FURTHER ORDERED that, in accordance with 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, any third party providing services in connection with any Defendant and/or Defendants' Websites or the Subject Domain Names, including, without limitation, ISPs, back-end service providers, affiliate program providers, web designers, and sponsored search engine or ad-word providers, shall immediately temporarily disable service to such domain names and to any and all Defendants' Websites.

IT IS FURTHER ORDERED that Plaintiffs may enter the Subject Domain Names into Google's Webmaster Tools and cancel any redirection of the domain names that have been or may be entered there which redirect traffic to the counterfeit operations to a new domain name and thereby evade the provisions of this Order.

IT IS FURTHER ORDERED that Defendants shall preserve copies of all their computer files relating to the use of any of the Subject Domain Names and shall take all steps necessary to retrieve computer files relating to the use of the Subject Domain Names and that may have been deleted before the entry of this Order.

IT IS FURTHER ORDERED that Plaintiffs' motion for continued expedited discovery from financial institutions is granted, and that any banks, savings and loan associations, credit card companies, credit card processing agencies, merchant acquiring banks, financial institutions, or other companies or agencies that engage in the transfer of real or personal property, who receive actual notice of this Order by personal service or otherwise, shall provide to Plaintiffs all records in their possession, custody, or control, regardless of whether such records are maintained in the United States or abroad, concerning the assets and financial transactions of Defendants or any other entities acting in concert or participation with Defendants, including, but

9

not limited to, records concerning the following: (1) any and all PayPal, Western Union, and other financial institution accounts that are associated with or utilized by any of the Defendants; (2) any and all MasterCard, Visa, AmericanExpress, and/or Discover credit or debit card payment accounts that are associated with or utilized by Defendants' Websites and/or any of the Defendants; (3) any and all accounts with any and all financial institutions responsible for processing credit card, debit card, or other purchases that are associated with or made in connection with Defendants' Websites and/or any of the Defendants; (4) the identity of any and all credit card processing agencies, merchant acquiring banks, or other financial institutions responsible for processing credit card and debit card transactions for Defendants' Websites and/or any of the Defendants; and (5) records concerning the ownership of Defendants' Websites or the assets, credit cards, or financial transactions of Defendants or any other entities acting in concert or participation with Defendants, and that such records be produced within ten (10) business days of receiving actual notice of this Order unless such banks, savings and loan associations, credit card companies, credit card processing agencies, merchant acquiring banks, financial institutions, or other companies or agencies that engage in the transfer of real or personal property apply to this Court for relief from the terms of this paragraph within seven (7) days of service of this Order.

IT IS FURTHER ORDERED that sufficient cause having been shown and given that Defendants have failed to appear, service of this Order shall be made on Defendants and deemed effective as to all named Defendants if it is completed by delivery of Adobe PDF copies of this Order to the following e-mail addresses:

(a)     toton1979@gmail.com;

(b)     dshrupkin@gmail.com;

(c)     support@replica-handbags.co;

(d)     support@watch-replica.net;

(e)     info@best-watch.net;

(f)     support@best-watch.net;

(g)     Ketorref3@googlemail.com;

(h)     marcos3476@yahoo.com;

(i)     support@cool-watches.com;

(j)     inforeplica@gmail.com;

(k)     vilismonis@gmail.com;

(l)     support@luxmarket24.com;

(m)     support@topbrandclub.com;

(n)     support@afmstore.com;

(o)     symbolgifts@yahoo.com;

(p)     contact@shoesinbags.com;

(q)     carwad@gmail.com;

(r)     support@famousbrandsale.com;

(s)     support@buybags.org;

(t)     support@bag-o.com;

(u)     Pauldigg@gmail.com;

(v)     support@replica-handbags.co;

(w)     support@replicator.co;

(x)     support@euro-watch.co;

(y)     infoeuroreplica@gmail.com;

(z)     wpbera@gmail.com;

(aa)    support@replica-bag.co;

(bb)    info@watch-clone.com;

(cc)    infowatchclone@gmail.com;

(dd)    inforeplica@gmail.com;

(ee)    melvined@gmail.com;

(ff)    support@moodernshop.com;

(gg)    support@afmstore.com;

(hh)    cmp.regd@gmail.com;

(ii)    d.s.ssc@gmail.com;

(jj)    info@CenterMall.Biz; and

(kk)    support@cheapjordans23.com.

IT IS FURTHER ORDERED that such service shall be made within ten (10) days from

the date of this Order, except as to John Doe or ABC Company defendants who may be later

identified, or at such time as may be extended by this Court.

Defendants are hereby given further notice that they may be deemed to have actual notice

of the issuance and terms of this Order and any act by them or any one of them in violation of

any of the terms thereof may be considered and prosecuted as contempt of this Court.

IT IS SO ORDERED

DATED this 3ʳᵈ day of January, 2012

Hour: 11:55  a.m/p.m.          UNITED STATES DISTRICT COURT

                               By: _Deborah A. Batts_____
                                   UNITED STATES DISTRICT JUDGE

12

# APPENDIX A

ajmld.com

bag-n-shoes.com

bestcartierjewelry.com

best-watch.net

botiqiqo.comoj.com

brandbagsmania.com

buybags.org

buy-handbag-online.com

cartierjewelry.us

caxaqoha.tripod.com

cool-watches.com

dafafuci.comoj.com

discountfendi.com

discounthandbagsandshoes.com

earthgrocerybags.com

Euro-Watch.co

fafixopo.comoj.com

fashion-purses.com

fashion-showcase.com

fashionsline.com

fastserversemployment.com

fesolupe.comxa.com

firstbrandstore.com

g4g.info

handbagsbylesliejay.com

hekajoku.tripod.com

highbrand.org

horaduwa.comule.com

hottestfiles.com

jizumuta.comze.com

jujexis.comoj.com

jvarnoso.com

keguhav.comze.com

lenekepi.comoj.com

loyovoq.comze.com

luxhandbagsstore.com

milan-luxury.com

my-replica-club.com

my-replica.zone.com

newidubi.tripod.com

online-brands-shopping.com

pusituqe.tripod.com

qabeliri.comze.com

qeyopab.comze.com

Replica-bag.co

replicabrandclub.com

replica-handbags.co

replicahandbagsandshoes.com

replicator.co/

retomaro.tripod.com

2

Superior-replica.co

symbolgifts.com

timobed.herobo.com

tiquyuq.comoj.com

todayhottrends.com

topbrandhandbags.net

topbrandmy.com

topbrandonlinezone.com

topbrandreplica.net

topbrandsclub.net

top-cart.net

topmodashop.com

ware4sell.com

watch-clone-com

watch-replica.net

xerinahe.comze.com

xiyoxoye.comxa.com

yihisix.comxa.com

zibuduwu.comoj.com

lotewici.comoj.com

zuvotaf.comze.com

hot-brands.net

brand-shoesstyle.org

brand-shoesstyle.net

onlineshoptopbrands.com

brand-shoesstyle.com

brandshoes-brandbags-online.com

top-brands-online.net

top-brend.com

top-brand-shop.net

brandeshop.biz

delta-shoping.com

fashionclothesforless.com

greenclothesstore.com

allbrandclub.com

replica4you.net

1replicashop.com

topbrand-club.com

3