```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
-------------------------------------------------------------

RICHEMONT INTERNATIONAL
S.A., et al.,                           11 Civ. 9322(JGK)(HBP)

              Plaintiffs,     MEMORANDUM OPINION
                              AND ORDER
   - against -

MONTESOL OU, et al.,

              Defendants.

-------------------------------------------------------------

JOHN G. KOELTL, District Judge:

     The Court has received the Report and Recommendation of Magistrate Judge Pitman, dated May 13, 2014. The Report and Recommendation concludes that this Court should award damages for the plaintiffs in the amount of $6,600,000 caused by the defendants' unauthorized marketing and sale of products bearing the plaintiffs' registered marks. No objections have been filed with respect to the Report and Recommendation, and the time for such objections has passed. The Court adopts the Magistrate Judge's findings except as follows.

     The Magistrate Judge awarded statutory damages for only those marks for which the plaintiffs provided evidence of purchases of counterfeit goods, even though the defendants had marketed a far larger number of items on their website. While the Magistrate Judge recommended a reasonable damages award, the Magistrate Judge went through an unnecessary and speculative

exercise of attempting to estimate the defendants' potential sales and profits for each of the counterfeit items when this information was not available in the record. In order to calculate the defendants' potential sales or profits, the Magistrate Judge was forced to make several assumptions, including assumptions regarding the number of products the defendants sold weekly, as well as the price at which the defendants sold the infringing products, and the total profits generated.

Statutory damages are appropriate in cases involving trademark infringement precisely because calculating actual damages is "extremely difficult if not impossible." <u>Kenneth Jay Lane, Inc. v. Heavenly Apparel, Inc.</u>, 03cv2132, 2006 WL 728407, at *6 (S.D.N.Y. Mar. 21, 2006).  It is more reasonable to determine a just award based on the factors discussed in other cases, than it is to determine a just award based on assumptions that do not appear in the record.  Courts regularly determine statutory damages in trademark infringement cases by examining the factors discussed in an analogous copyright case, <u>Fitzgerald Pub. Co. v. Baylor Pub. Co.</u>, 807 F.2d 1110, 1117 (2d Cir. 1986), and making a determination based on what the court believes is just.  Courts have paid close attention to the size of the operation, the willful nature of the infringement, and the need for deterrence.  It is clear from the record that the defendants

in this case ran a large scale counterfeiting operation, that there are potentially dozens of other infringed marks, and that the defendants' infringements were willful.  Accordingly, a substantial award in favor of the plaintiffs is necessary in order to compensate and deter.

Because the violations in this case were plainly willful, the amount of statutory damages that could be awarded was up to $2,000,000 per counterfeit mark per type of good sold, offered for sale, or distributed, "as the court considers just."  15 U.S.C. § 1117(c)(2).  Similarly, the statutory award of damages for the defendants' unauthorized use of a protected mark in a domain name was up to $100,000 for each infringing domain name, "as the court considers just."  15 U.S.C. § 1117(d).  The ultimate amount of damages recommended by the Magistrate Judge was reasonable.  It took into account the relevant factors identified in Fitzgerald and was consistent with awards by other courts in comparable cases.

Therefore the Court adopts the recommended damages award for the plaintiffs in the amount of $6,600,000.

The plaintiff should submit a proposed judgment in conformity with the Report and Recommendation by July 31, 2014. The defendant may submit any objections and counter-judgment by August 4, 2014.

**SO ORDERED.**

**Dated:    New York, New York
           July 28, 2014**                  _____/s/_____
                                            **John G. Koeltl
                                            United States District Judge**